UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAMES COLEMAN CORNETT ) | |
| ) | |
| v. ) | NO. 2:07-CV-119 |
| ) | |
| CHRIS MATHES, JOHN HENSON, ) | |
| MEDICAL STAFF, CARTER COUNTY, ) | |
| TENNESSEE, CARTER COUNTY ) | |
| SHERIFF'S DEP'T, and the CARTER ) | |
| COUNTY JAIL ) | |

## **MEMORANDUM and ORDER**

Acting *pro se*, James Coleman Cornett, a prisoner in the Carter County jail brings this civil rights action under 42 U.S.C. § 1983, against Chris Mathis, the Carter County Sheriff; John Henson, former Carter County Sheriff; the Medical Staff at the jail; Carter County, Tennessee; the Carter County Sheriff's Department; and the Carter County Jail. Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350).

The custodian of plaintiff's inmate trust account at the facility where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in his account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but

only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the Carter County Jail to ensure compliance with the above fee-assessment procedures.

Plaintiff maintains that he was denied medical care in violation of his right under the Eighth Amendment not to be subjected to cruel and unusual punishment. He states his claim as follows:

> "I fell off the top bunk onto the table and popped a rib out of its rib cage. I got Terry Blevins (guard) to take me to the medical staff, they told me to wrap it up and it would be fine. My mother called Dean Jones the operations Sergeant and told them (sic) they would not send me to the Emergency Room they finally took me but they would not phycially (sic) look at it they just sent me to X-Ray and said it was fine but I've still got a knot on my left side. Chris Mathes came in the block and I showed it to him with the request I filled out to Adkins and he said he would check into it and get something done they still have done nothing. I filled out another Inmate Health Request form and it took a month and a half to see the Doctor. he said nothing could be done that I'd just be deformed the rest of my life." Compl. at 3.

The complaint now must be screened to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

---

[1] Payments should be mailed to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

At the outset, two defendants named by plaintiff are non-suable entities. The Carter County Jail is a building and neither it nor the Carter County Sheriff's Department are "persons" who can be sued under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, at **1 (6th Cir. May 1, 1997) (jail is not a suable entity).

With respect to the subject matter of the complaint, the Supreme Court has held that deliberate indifference to the serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" that is prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, no viable Eighth Amendment claim is stated by allegations of "an inadvertent failure to provide adequate medical care," or that a medical condition has been negligently diagnosed or treated. *Id.* at 105-06. Whether addition diagnostic testing or treatment is indicated is a matter for medical judgment and not a matter for a federal court. *Id.* at 107.

The gravamen of plaintiff's complaint is that an X-ray of the injury was inadequate and that more should have been done to diagnose or treat him to forestall the development of a deformity on his side. Unfortunately for the plaintiff, his allegations do not state a claim for constitutional medical mistreatment.

Here, by plaintiff's own allegations, he was seen by a medical care provider, escorted to the Emergency Room for X-rays, and later was seen by a physician who told him that nothing could be done. At best, his contentions sound in state tort law of medical negligence, but no viable Eighth Amendment claim is stated by allegations that a medical

3

condition has been negligently diagnosed or treated. *Id.* at 105-06. Thus, plaintiff fails to state a claim for relief under § 1983. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (finding that, where some medical treatment given prisoner and dispute concerns adequacy of treatment, no valid § 1983 claim is stated).

Accordingly, this action will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate order of dismissal will enter.

**ENTER**:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE